IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **NYDIR CHISHOLM,** *Plaintiff,* | : : : : : | **CIVIL ACTION** |
| v. | : : : | No. 23-3886 |
| **WAL-MART ASSOCIATES, INC., et al.,** *Defendants.* | : : : |  |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                    **MAY 14, 2024**

Plaintiff Nydir Chisholm initiated this six-count action against his former employer, Wal-Mart Associates, Inc. ("Wal-Mart") and nine individual defendants, alleging violations of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA"). One count – aiding and abetting under the PHRA – is asserted against all individual Defendants; no other count is asserted against any individual Defendants. Defendant Robert Stone has failed to appear in this case and Plaintiff has filed the present Motion for Default Judgment against him. ECF No. 36. For the reasons stated below, that motion will be denied without prejudice.

On February 14, 2024, Plaintiff filed an affidavit of service upon individual Defendant Stone indicating that Defendant Stone had been served on February 7, 2024. ECF No. 30. On March 4, 2024, the Court entered an Order indicating that Defendant Stone had not filed a response to the Complaint by his deadline of February 28, 2024, and that if he did not do so by March 28, 2024, Plaintiff may file a request with the clerk for entry of default against Defendant Stone. ECF No. 32. Defendant Stone did not file a responsive pleading in the interim, and on March 29, 2024, Plaintiff requested entry of default against Defendant Stone. ECF No. 34. The Clerk of Court

entered default on April 1, 2024. ECF No. 35. On April 4, 2024, Plaintiff filed a Motion for Default Judgment against Defendant Stone. ECF No. 36. Defendant Stone has not responded to the Motion.

Under Federal Rule of Civil Procedure 55, the Court may enter default judgment after the Clerk of Court has entered default. However, when a "plaintiff seeks default judgment against one of [multiple] defendants (who allegedly are jointly liable), judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *S.A. Communale Co. Inc. v. Reddy-Buffaloes Fire Pump, Inc.*, No. 19-2219, 2019 WL 13394977, at *1 (E.D. Pa. Oct. 1, 2019) (internal citation omitted). Ruling otherwise "would risk imposition of 'incongruous' judgments against different defendants for the same conduct and under the same legal theory." *Freedom Med., Inc. v. Gillespie*, No. 06-3195, 2013 WL 12241133, at *1 (E.D. Pa. July 23, 2013) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)).

Plaintiff asserts his aiding and abetting claim jointly against all individual defendants, alleging that they all "took active part by aiding, abetting, compelling, and inciting the discrimination and harassment" against Plaintiff. ECF No. 1 ¶ 170. Because Plaintiff makes joint allegations against all individual Defendants, "[t]he liability of . . . the Defaulting Defendant[] cannot be adjudicated without affecting the rights of other non-defaulting defendants." *Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649-50 (E.D. Pa. 2012). Entering default judgment against just one of the individual Defendants at this time would be premature. Plaintiff's Motion for Default Judgment will therefore be **DENIED** without prejudice to later request default judgment "after the matter has been adjudicated with regard to all [individual] Defendants." *Id.* at 650. An appropriate Order will follow.

                                                            **BY THE COURT:**
                                                            /s/ Chad F. Kenney
                                                            _____
                                                            **CHAD F. KENNEY, JUDGE**