IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **NYDIR CHISHOLM,**<br>    *Plaintiff,*<br><br>v.<br><br>**WAL-MART ASSOCIATES, INC., et al.,**<br>    *Defendants.* | CIVIL ACTION<br><br>No. 23-3886 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                    **MAY 30, 2024**

Plaintiff Nydir Chisholm initiated this six-count action against his former employer, Wal-Mart Associates, Inc. ("Wal-Mart") and nine individual defendants, alleging violations of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") on October 6, 2023. ECF No. 1. One count – aiding and abetting under the PHRA – is asserted against all individual Defendants; no other count is asserted against any individual Defendants. *Id.* Defendant Michael Gallozzi has failed to appear in this case and Plaintiff has filed the present Motion for Default Judgment against him. ECF No. 46. For the reasons stated below, that motion will be denied without prejudice.

On March 20, 2024, Plaintiff filed an affidavit of service upon individual Defendant Gallozzi indicating that Defendant Gallozzi had been served on March 12, 2024. ECF No. 33. Defendant Gallozzi did not file a responsive pleading to the complaint, and on April 29, 2024, Plaintiff requested entry of default against Defendant Gallozzi. ECF No. 41. The Clerk of Court entered default on May 2, 2024. ECF No. 42. On May 14, 2024, Plaintiff filed a Motion for Default Judgment against Defendant Gallozzi. ECF No. 46. Defendant Gallozzi has not responded to the Motion.

Under Federal Rule of Civil Procedure 55, the Court may enter default judgment after the Clerk of Court has entered default. However, when a "plaintiff seeks default judgment against one of [multiple] defendants (who allegedly are jointly liable), judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *S.A. Communale Co. Inc. v. Reddy-Buffaloes Fire Pump, Inc.*, No. 19-2219, 2019 WL 13394977, at *1 (E.D. Pa. Oct. 1, 2019) (internal citation omitted). Ruling otherwise "would risk imposition of 'incongruous' judgments against different defendants for the same conduct and under the same legal theory." *Freedom Med., Inc. v. Gillespie*, No. 06-3195, 2013 WL 12241133, at *1 (E.D. Pa. July 23, 2013) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)).

Plaintiff asserts his aiding and abetting claim jointly against all individual defendants, alleging that they all "took active part by aiding, abetting, compelling, and inciting the discrimination and harassment" against Plaintiff. ECF No. 1 ¶ 170. Because Plaintiff makes joint allegations against all individual Defendants, "[t]he liability of . . . the Defaulting Defendant[] cannot be adjudicated without affecting the rights of other non-defaulting defendants." *Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649-50 (E.D. Pa. 2012). Entering default judgment against just one of the individual Defendants at this time would be premature. Plaintiff's Motion for Default Judgment will therefore be **DENIED** without prejudice to later request default judgment "after the matter has been adjudicated with regard to all [individual] Defendants." *Id.* at 650. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**
